# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Shane Corey Muse*
Case No. 3:18-cr-00065-TMB

By:            THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:      ORDER FROM CHAMBERS

Before the Court is Defendant Shane Corey Muse's Unopposed Motion to Correct Judgment Pursuant to Federal Rule of Criminal Procedure ("Rule") 36 (the "Motion").[1] Muse asks the Court for an order correcting his judgment pursuant to Rule 36, which permits the Court to "at any time correct a clerical error in a judgment."[2] Specifically, Muse asks the Court to order that his federal sentence will run concurrent to his state sentence in case number 3AN-18-02159CR. Muse argues this will "effectuate the intent of both the state and federal courts in originally sentencing Mr. Muse."[3] The Government does not oppose the Motion.[4] For the reasons stated below, the Court **GRANTS** the Motion. Consequently, Muse's Motion to Alter Judgment at Docket 124 and Unopposed Motion to Stay at Docket 126 are **DENIED as moot**.

On March 20, 2019, the Court sentenced Muse to 96 months' imprisonment.[5] At the time, Muse had a few cases pending in Alaska state court. In light of this, the Court explained at Muse's federal sentencing that it would defer to the state court as to how much, if any, state and federal time should run concurrently.[6] The Court therefore intended Muse's federal sentence to run concurrent to any concurrent time imposed by the state.

After Muse's federal sentencing, Judge Marston of the Superior Court for the State of Alaska sentenced Muse to a composite sentence of 48 months on all his state cases.[7] Judge Marston ordered that of those 48 months, the 36 months imposed in case number 3AN-18-02159CR would run concurrent to any federal time.[8] "Mr. Muse's composite sentence was, therefore, 48 months active jail time, with 36 months to run concurrent to his federal sentence, and 12 months to run consecutive to his federal sentence."[9] It follows that, properly understood, Muse's federal sentence is a total of 96 months' imprisonment with 36 months running concurrent to his state sentence. Nevertheless, Muse now reports that because he was in primary state custody at the time of his

---

[1] Dkt. 127 (Motion).
[2] Fed. R. Crim. P. 36.
[3] Dkt. 127 at 1.
[4] *Id.*
[5] Dkt. 113 (Judgment).
[6] Dkt. 107 at 18 (Transcript); Dkt. 127 at 4.
[7] Dkt. 127 at 4.
[8] *Id.*; Dkt. 127-3 at 2 (Judgment in Case No. 3AN-18-02159CR).
[9] Dkt. 127 at 5.

1

federal sentencing and therefore served his state sentence first, the Bureau of Prisons will not credit Muse for any time spent on his state sentence.

Having reviewed the briefing and the record, the Court **GRANTS** the Motion. When the Court sentenced Muse, it intended his federal sentence to run concurrent to any concurrent time imposed by the state. At present, this intent is not reflected in Muse's judgment, which states only that Muse will be "imprisoned for a total term of: 96 MONTHS."[10] The Court will amend the Judgment pursuant to Rule 36 to correct this error by specifying that Muse shall serve 96 months' imprisonment concurrent to his sentence imposed in State of Alaska case number 3AN-18-02159CR. Doing so will "conform the sentence to the term which the record indicates was intended" and is, therefore, proper under Rule 36.[11] The Court expects that in light of the forthcoming amended judgment, Muse will receive credit for the 36 months he served in 3AN-18-02159CR toward his federal sentence.

The Court directs the United States Probation Office to prepare an amended judgment consistent with this Order.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: July 7th, 2022.

---

[10] Dkt. 113.
[11] *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984).